IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANET BANKS,<br><br>           Plaintiff,<br><br>vs.<br><br>NICK HUGHES, SECURITY AND PROTECTION SERVICES INC., and WELLS FARGO BANK, in their individual and official capacities,<br><br>           Defendants. | 4:21CV3071<br><br>**MEMORADUM<br>AND ORDER** |

      Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).[1]

## I. SUMMARY OF COMPLAINT

      Plaintiff, who claims she is 64 years of age with a disability, sues an employee of a security-guard company, the security-guard company, and a bank that contracts with the company to provide security services. Plaintiff claims that when she was preparing banking paperwork in the handicapped parking zone in front of the bank, security guard Nick Hughes approached Plaintiff, asked what she was doing there, and told Plaintiff she had been parked there too long. Plaintiff entered the bank to make a

---

[1] This case is nearly identical to Plaintiff's previous case that was dismissed without prejudice on February 19, 2021, for failure to state a claim upon which relief can be granted. *Banks v. Hughes*, No. 4:20CV3117 (D. Neb.). The main difference between the Complaint in that case and this case is her substitution of "42 U.S.C. § 2000a" in place of references to "42 U.S.C. § 1983."

deposit, and when she returned to her vehicle, two police officers were standing by her vehicle. Plaintiff alleges that Hughes called the police and claimed he smelled marijuana coming from Plaintiff's vehicle. After seeing no signs of drug activity, the officers left. Plaintiff claims that when she complained about this incident to a bank employee, the bank failed to take action.

Plaintiff alleges that she filed a complaint with the Nebraska Equal Opportunity Commission ("NEOC") on the grounds of disability and race discrimination, but the NEOC dismissed the complaint. Plaintiff brings an action in this court for violation of her right to equal protection under the Fourteenth Amendment and for violation of the Ninth Amendment; violation of 42 U.S.C. § 2000a; and three state-law claims under Neb. Rev. Stat. §§ 20-502, 25-839, and 28-907.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally

construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Section 1983 Claims

Claiming the violation of her right to equal protection under the Fourteenth Amendment and her rights under the Ninth Amendment, Plaintiff sues a private security guard, the company that employed him, and a bank that allegedly failed to act when its hired security guard called the police on Plaintiff under 42 U.S.C. § 1983.[2]

Only state actors may be held liable under section 1983. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "A private party may be deemed a state actor for purposes of section 1983 liability when he acts under cover of state law and performs a function 'traditionally exclusively reserved to the state.'" *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 584 (8th Cir. 2006) (quoting *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 352 (1974)); *see also Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982) (party is subject to suit under 42 U.S.C. § 1983 if "the conduct allegedly causing the deprivation of a federal right [can] be fairly attributable to the State"); *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (private party may be characterized as state actor for purposes of § 1983 when "the state has delegated to a private party a power traditionally exclusively reserved to the State," "where a private actor is a willful participant in joint activity with the State or its agents," and "where there is pervasive entwinement between the private entity and the state," with the

---

[2] Although Plaintiff does not cite 42 U.S.C. § 1983 in her Complaint, her constitutional claims are necessary brought pursuant to that statute. *Goss v. City of Little Rock, Ark.*, 151 F.3d 861, 865-66 (8th Cir. 1998) (in suit where plaintiff claimed violation of constitutional rights but did not specifically plead or argue 42 U.S.C. § 1983, plaintiff could recover attorney fees under 42 U.S.C. § 1988(b) because "§ 1983 establishes a means by which people can enforce the Constitution"; "we should focus on the substance rather than the form of a plaintiff's case").

3

ultimate conclusion turning on the particular facts of the case (internal quotation marks and citations omitted)).

Here, Plaintiff has alleged no facts suggesting that the security guard's monitoring of parking in front of the bank and calling for police services on behalf of the bank were activities delegated to him by the state; that he, the security company for which he worked, or the bank willfully participated in joint activity with the state; or the existence of a "pervasive entwinement" between the security guard, his employer, and the bank. Because Plaintiff's Complaint lacks any allegations that the Defendants were acting under color of state law for purposes of section 1983, Plaintiff's section 1983 claims must be dismissed for failure to state a claim upon which relief can be granted.[3] *See Wickersham*, 481 F.3d at 598 ("[T]he mere invocation of state legal procedures, including police assistance, does not convert a private party into a state actor."); *Lally v. Crawford Cty. Tr. & Sav. Bank, Denison, Iowa*, 863 F.2d 612, 613 (8th Cir. 1988) (affirming dismissal of pro se § 1983 claim against bank and its employee for lack of state action when bank employee threatened to have plaintiff put in jail for violating criminal statutes); *Holloway v. Ameristar Casino St. Charles, Inc.*, No. 4:07 CV 218, 2010 WL 148441, at *10 (E.D. Mo. Jan. 12, 2010) ("For private security guards, the mere fact that their job may include the investigation of a crime does not transform their actions into state action. To become state actors, private security guards must be endowed with police powers that are plenary, and not simply police-like.") (internal citation omitted); *Harris v. Forest Park Hosp.*, No. 4:07CV965, 2007 WL 2908932, at *2 (E.D. Mo. Sept. 28, 2007) (dismissing § 1983 claim against hospital

---

[3] Even if the Defendants were state actors, Plaintiff's Ninth Amendment claim would not survive. The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const., Amend. IX. However, the Ninth Amendment does not confer substantive rights in addition to those conferred by other portions of our governing law, *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991), so cannot form the basis for a § 1983 claim. *Henderson v. S & W Foreclosure Corp.*, No. 1:11CV169, 2012 WL 43505, at *2 (E.D. Mo. Jan. 9, 2012); *Albert v. Lee*, No. CV 04-1014, 2005 WL 8163277, at *19 n.17 (D. Minn. Mar. 3, 2005), *report and recommendation adopted,* No. CV 04-1014, 2005 WL 8163275 (D. Minn. Mar. 31, 2005).

security officers under 28 U.S.C. § 1915(e)(2)(B) because "[w]hile private security guards who act jointly with the police may be considered to be state actors, *Murray v. Wal-Mart, Inc.,* 874 F.2d 555, 558-59 (8th Cir. 1989), plaintiff has alleged no facts indicating or suggesting that the Forest Park Hospital Security John Does were acting in such close coordination with the police so as to make them state actors.").

### B. 42 U.S.C. § 2000a

Plaintiff seeks relief under Title II of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000a, *et seq.*, for discrimination in the offering of public accommodations on the basis of race. Title II states: "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a).

Section 2000a-3(c) requires notice to the state or local authority as a prerequisite to filing a civil action under the statute when a state or local law prohibits discrimination in public accommodations and provides a remedy for such practice. "Nebraska has enacted laws prohibiting discriminatory public accommodation practices and has conferred authority on an administrative agency to investigate, resolve, and, when necessary, redress discriminatory practices." *Bilello v. Kum & Go, LLC.*, 374 F.3d 656, 658 (8th Cir. 2004). Specifically, Nebraska law provides: "All persons within this state shall be entitled to a full and equal enjoyment of any place of public accommodation, as defined in sections 20-132 to 20-143, without discrimination or segregation on the grounds of race, color, sex, religion, national origin, or ancestry." Neb. Rev. Stat. § 20-132 (Westlaw 2021).[4] Nebraska law further states that the laws guaranteeing full and

---

[4] While not yet effective, a 2021 amendment to Neb. Rev. Stat. § 20-132 added disability to the list of grounds of discrimination included within the act. 2021 Nebraska Laws L.B. 540 was approved by the Governor on May 21, 2021. Such amendment will not take effect until "three calendar months after the adjournment of the session at which it passed." Neb. Const. art. III, § 27 (Westlaw 2021). The Nebraska Legislature adjourned on May 27, 2021. Nebraska Legislative Journal, 107th Legislature, First

equal enjoyment to public accommodation shall be administered by the Nebraska Equal Opportunity Commission. *See* Neb. Rev. Stat. § 20-139.[5] Here Plaintiff alleges that she filed a complaint with the NEOC on the grounds of disability and race discrimination, and such complaint was dismissed on April 17, 2020. (Filing 1 ¶¶ 13, 14.) Therefore, this court has jurisdiction over Plaintiff's Title II claim. *Bilello*, 374 F.3d at 659.

A plaintiff bringing a claim under Title II must allege facts showing that she was deprived of equal use and enjoyment of a place of public accommodation. 42 U.S.C. § 2000a(a). This she has failed to do. Title II explicitly defines "places of public accommodation" as "any inn, hotel, motel, or other establishment which provides lodging to transient guests"; "any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises . . . or any gasoline station"; "any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment"; and any establishment located within the above-listed establishments and which holds itself out as serving patrons of such establishment. 42 U.S.C. § 2000a(b)(1)-(4). None of these categories encompasses the two places at issue in Plaintiff's Complaint—the Wells Fargo Bank in which she did business and the public street on which her car was parked.

Indeed, courts have uniformly held that banks are not places of "public accommodation" within the meaning of Title II. *Akyar v. TD Bank US Holding Co.*, No. 18-CV-379, 2018 WL 4356734, at *5 (S.D.N.Y. Sept. 12, 2018); *Hatcher v. Servis First Bank*, No. 2:16-cv-01362, 2016 WL 7336403, at *3 (N.D. Ala. Dec. 19, 2016) (opining that banks do not constitute places of public accommodation for purposes of § 2000a); *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 959 (N.D. Tex. 2013) (concluding that because a bank is not a place of public accommodation, plaintiff could not recover under § 2000a); *Ajuluchuku v. Wachovia Corp.*, No. 3:05CV532-C, 2006 WL 406602, at *3

---

Session, at pp. 1717-20, available at https://nebraskalegislature.gov/ calendar/dayview. php?day=2021-05-27.

[5] This statute has also been amended to add disability to the types of discrimination encompassed by the legislation. However, the amendment is not yet effective. See footnote 4, *supra*.

6

(W.D.N.C. Feb. 17, 2006) (same), *report and recommendation adopted*, 2006 WL 659470 (W.D.N.C. Mar. 12, 2006); *Wilson v. Harding,* No. CIV. A. 98-2092, 1999 WL 203458, at *2 (D. Kan. Apr. 5, 1999) ("Defendants, a bank and two of its employees, clearly are not covered by this statutory provision.") (citing to 42 U.S.C. § 2000a(b)).

Nor is a parking place on the street a place of public accommodation within the meaning of Title II. *Sathue v. Niagara City Police Dep't*, No. 17-CV-747, 2018 WL 550520, at *3 (W.D.N.Y. Jan. 25, 2018) ("Moreover, it does not appear that Plaintiff was even in a place of public accommodation subject to Title II—at the time of the incident, he was apparently on the street."); *Ben v. Garden Dist. Ass'n*, No. CIV.A. 12-174, 2012 WL 2371395, at *1 n.4 (E.D. La. Mar. 13, 2012), *report and recommendation approved,* No. CIV.A. 12-174, 2012 WL 2374641 (E.D. La. June 22, 2012) ("A 'street' is not a place of public accommodation as defined by Section 2000a. 42 U.S.C. § 2000a(b)(1)-(4)."); *Ford v. New Britain Trans. Co.*, No. 3:03CV150 (MRK), 2004 WL 3078827, at *3 (D. Conn. Dec. 21, 2004) (plaintiff's allegations of physical abuse by defendants on a public street did "not allege a single fact nor mention a single instance when these Defendants denied Plaintiff the full and equal enjoyment of a place of public accommodation on account of his race, color, religion, or national origin").

Therefore, Plaintiff has failed to state a Title II claim upon which relief can be granted.

## C. State-Law Claims

Because Plaintiff's Complaint fails to state a federal claim upon which relief may be granted, the court need not discuss whether a plausible claim for relief is stated under Nebraska law. Without a viable federal question to decide, the court will not exercise its supplemental jurisdiction in this case. *See* 28 U.S.C. § 1367(c)(3) (providing that when a district court has disposed of all federal claims that conferred original jurisdiction under 28 U.S.C. § 1331, it may decline to exercise supplemental jurisdiction over remaining state law claims). Usually, the dismissal of the federal claims "will point toward declining to exercise jurisdiction over the remaining state-law claims," *Wilson v. Miller*, 821 F.3d 963, 971 (8th Cir. 2016) (internal quotation marks and citation omitted)*,* and the court finds no reason to make an exception here. Accordingly,

IT IS ORDERED:

1. This case is dismissed without prejudice for failure to state a claim upon which relief can be granted;

2. Judgment will be entered by separate document.

DATED this 29th day of July, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge